ACCEPTED
15-24-00095-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/25/2025 9:25 PM
CHRISTOPHER A. PRINE
CLERK

RECEIVED IN
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/25/2025 9:25:13 PM
CHRISTOPHER A. PRINE
Clerk

# Court of Appeals Number: 15-24-00095-CV

# Trial Court Case Number: D-1-GN-24-002025

| | |
|---|---|
| Edward Rudolph Turnbull, IV<br>v.<br>Commission for Lawyer Discipline, Daniela Grosz, Daniel Martinez, Seana Willing, John S. Brannon, Amanda Kates, Jenny Hodgkins, and the Board of Directors of the State Bar of Texas, Cindy V. Tisdale, Steve Benesh, Laura Gibson, Kennon Lily Wooten, et al. | IN THE COURT OF APPEALS<br><br>FIFTEENTH DISTRICT<br><br>AT AUSTIN, TEXAS |

# AMICUS CURIAE CITIZEN'S STATEMENT

In compliance with the Texas Rules Appellate Procedure (TRAP) Rule 11 (c); Amicus Curiae Citizen states that he did not receive any fee paid or to be paid for preparing the amicus curiae brief and submitted on 03/24/2025, Monday via electronic filing EFILETX system in the case number assigned: 15-24-00095-CV and filed at the Court of Appeals 15th District of Texas at Austin.

**To the Honorable Court:**

Comes now, Amicus Curiae Citizen and to report with this honorable court with more information about dysfunctional administrative structure of the statewide public corporation and also being a statewide administrative agency of the judicial department of the State of Texas and also being one Statewide Attorney's Trade Association as non-profit organization in Texas.

1

For example, the incumbent and appointed Chief Disciplinary Counsel Seana Beckerman Willing is one individual and that is one ex-officio official at will employment and no regular employee hired under a political appointment and affirmed by the Board of Directors of the State Bar of Texas and with an annual salary at approximately $200,000.00 and plus generous benefits and paid by the Attorneys' Members of the State Bar of Texas with their annual membership fees. Ms. Seana Beckerman William as incumbent Chief Disciplinary Counsel ("CDC") of the State Bar of Texas is clearly one appointed apparatchik and sympathizer of the censorship practices and adopted in her statewide public office of the Chief Disciplinary Counsel located at Austin's Headquarters Office of the State Bar of Texas in her individual and official capacity and since that she took that statewide public office as an new Chief Disciplinary Counsel nominated by the Commission for Lawyer Discipline and subsequently having been confirmed her nomination and appointment by the Board of Directors of the State Bar of Texas.

Despite the existence of the internal policy rules and adopted by the State Bar of Texas' Board of Directors and that it prohibits political retaliation about the viewpoint speech of the Board of Directors' Members of the State Bar of Texas, such prohibition is only explicitly described in the internal policy rules adopted by the State Bar of Texas's Board of Directors' Members Meetings and not extending such prohibition for political retaliation and from others administrative sectors of

the administrative structure of the State Bar of Texas and same being one Statewide public corporation as non-profit organization and one Statewide Administrative Agency of the judicial department of the Texas Government and also being one Statewide Public Attorney's Trade Association in the State of Texas.

The respect about the Texas Constitution, Article Section 8 and for Freedom of Speech and Press, as well as, the First Amendment of the United States Constitution is only found in the internal policy rules for public general meetings organized by the Board of Directors' Members of the State Bar of Texas.

Texas Constitution, Article 1, Section 8 and for Freedom of Speech and Press, and that it is clear the constitutional text: Every person shall be at liberty to speak, write or publish his opinions… and no law shall ever be passed curtailing the liberty of speech or of the press…. Also, the First Amendment of the United States Constitution is clear about the freedom of speech, press and the right for association.

However, the incumbent Chief Disciplinary Counsel of the State Bar of Texas, Seana Beckerman William, she defends openly and informally in her individual and official capacity, the Chinese's censorship acts of *Xianfa*, and that is prescribed clearly in the Chinese Constitution. See: China's Constitution, for example, it provides that "*when exercising their freedoms and rights, citizens ...*

*shall not undermine the interests of the state*." See: *Xianfa* [Chinese Constitution] Art. 51 (1982)(China). Also, as China's experience shows, allowing the government to step in as censor when it believes speech threatens the government's interests is a loophole with infinite diameter. It has no place in America's tradition of individual liberty. See source available at: https://english.www.gov.cn/archive/lawsregulations/201911/20/content_WS5ed8856ec6d0b3f0e9499913.html.

Also, the same incumbent Chief Disciplinary Counsel Seana Beckerman William, she systematically practices the unconstitutional viewpoint discrimination in her individual and official capacity and against complainants and that complain about the no compliance of the Texas Disciplinary Rules of Procedure (TDRP) adopted by the State Bar of Texas and promulgated by the Supreme Court of Texas, and when the Respondent Attorney **MUST** respond the Grievance Complaint received and within 30 days of the date of receipt of the Grievance Complaint delivered by the Chief Disciplinary Counsel and to the Respondent Attorney in his/her private individual capacity to respond properly.

The rule is clear about the timeframe of the 30 days and to the Respondent Attorney to respond to the Office of the Chief Disciplinary Counsel and not having any grace extension period of the time to respond such Grievance Complaint delivered by the Chief Disciplinary Counsel and mainly before the amended rule and of which the response of the Grievance Complaint delivered by the Chief

4

Disciplinary Counsel is a mere Ministerial Duty and that must be performed by the Chief Disciplinary Counsel and to comply with the TDRP and for response of the Grievance Complaint assigned and properly delivered to the Respondent Attorney as recipient of the Grievance Complaint and to be responded within 30 days of the date that the Respondent Attorney received in his/her individual private capacity.

It is not a discretionary decision and from the part of the incumbent Chief Disciplinary Counsel of the State Bar of Texas, and to decide if it is possible to extend the time for response of the Grievance Complaint delivered to the Respondent Attorney or not.

Complainant did a valid and comprehensive complaint to the Chief Disciplinary Counsel and when the Respondent Attorney did not respond in the time frame required and that is 30 days of the time frame and to the Respondent Attorney to respond about the Grievance Complaint received and clearly delivered by the Chief Disciplinary Counsel in his/her private capacity and located in the State of Texas.

It is a core tenet of American free speech that the government may not punish people based on their opinions and complaints. See: "If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion." See: W.Va. State Bd. of Educ. v. Barnette, 319 U.S. 624, 642 (1943).

That means "the government must abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." See: Rosenberger v. Rector & Visitors of Univ. of Va., 515 U.S. 819, 829 (1995).

Seana Beckerman Willing's censorship and with flagrant chilling effect acts; she has violated the First Amendment and betrays more than two centuries of American commitment to free and open expression.

That is an unacceptable behavior and from one apparatchik and appointed from one inner circle of cronies and that is the Board of Directors of the State Bar of Texas, and having been done this flagrant violation  under our Constitution and under bedrock American principles of free speech.

Her internal policy adopted by the Office of the Chief Disciplinary Counsel of State Bar of Texas of engaging in open and blatant viewpoint discrimination with a Cease and Desist chilling effect letter and addressed to the complainant and also from all subordinated employees of the Office of the Chief Disciplinary Counsel of the State Bar of Texas, it is absolutely unacceptable in the United States and in the State of Texas and where there is a clear defense about the liberty and freedom of speech.

"The law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions ... for speaking out." See: Hartman v. Moore, 547U.S. 250, 256 (2006).

Unlawful retaliation occurs when, after an individual engages in protected conduct, the government takes "retaliatory action" against them, and there is a "causal link between the constitutionally protected conduct and the retaliatory action." See: Starnes v. Butler Cnty. Ct. of Common Pleas, 971 F.3d 416, 429 (3d Cir. 2020) (cleaned up). Action is retaliatory when it is "sufficient to deter a person of ordinary firmness from exercising" their freedom of speech. Id. (citation omitted).

The incumbent Chief Disciplinary Counsel Seana Beckerman Willing has abused of her official authority in her individual and official capacity and having retaliated politically one complainant and only because he exercised his first amendment of the freedom of speech and guaranteed in the first amendment of the United States Constitution for Freedom of Speech, Press and the right for association, as well as, clearly described in the Texas Constitution, Article 1, Section 8 for Freedom of Speech and Press, The Texas Code of Criminal Procedure – CRIM P Article 1.16 about the liberty of speech and press,… and no law shall ever be passed curtailing the liberty of speech or of the press, The Texas Citizens Participation Act ("TCPA") and comprised in the Chapter 27 of the Texas Civil Practice and

remedies Code, and that is a protected activity of the citizens in Texas to communicate with any part of the government and without receive any kind of the political retaliation and to exercise the citizen's freedom of speech and to file petitions with the government. Also, every single Complainant of the Grievance Complaint assigned or same from Grievance Inquiries and classified by the Office of the Chief Disciplinary Counsel, both (Complainants and Inquirers) are under absolute and unqualified immunity and according with the state statute "State Bar Act" and codified in the Texas Government Code, Section Texas Government Code §81.072(g), and being that the person is under absolute and unqualified immunity to communicate with the Chief Disciplinary Counsel, the Grievance Committee and with the Commission for Lawyer Discipline and for communication of the grievance complaint or grievance inquiry. Also, the same it happens with the TRDP 17.09 for absolute and unqualified immunity of the Complainants and Inquirers for Grievance Complaints and Grievance Inquiries addressed to the State Bar of Texas.

The incumbent Chief Disciplinary Counsel, Seana Beckerman William, she does not like to abide with two Constitutions about the Freedom of Speech, Press and Association (and from one Federal Constitution and also from one State Constitution), as well as, State Statutes and even with the Texas Disciplinary Rules Procedure (TDRP) of the State Bar of Texas and promulgated by the Supreme

Court of Texas for absolute and unqualified immunity for persons that communicate with the Chief Disciplinary Counsel, Grievance Committee and the Commission for Lawyer Discipline about grievance complaints or simply grievance inquiries.

When one Complainant of a valid grievance complaint assigned complains with the Chief Disciplinary Counsel about no compliance of the TDRP provisions, the incumbent Chief Disciplinary Counsel Seana Beckerman William not only issues one chilling effect Cease & Desist Letter and against the Complainant, but also she commands and from her individual and official capacity in one internal administrative regime order issued, and censoring the Complainant and prohibiting the Complainant not to communicate with any employees of the Office of Chief Disciplinary Counsel of the State Bar of Texas via any kind of the electronic communication and including for phone calls and only accepting regular USPS mail letters and depending of the viewpoint contention text written in such letters, the Chief Disciplinary Counsel menaces to file a criminal complaint with the authorities and also having warned that others unknown individuals could do the same thing and having issued a clear chilling effect letter and with a clear viewpoint discrimination in violation of the First Amendment of the United States Constitution and the Texas Constitution, Article 1, Section 8, and against one Complainant and being in absolute and unqualified immunity and according to the

9

state statute "State Bar Act", Texas Government Code, Section 81.072(g) and the TRDP 17.09.

Also, the same incumbent Chief Disciplinary Counsel, Seana Beckerman William, subsequently, she filed with the Texas Department of Public Safety at Austin's Headquarters for one "harassment criminal complaint" and against the Complainant and having the Complainant received a coercive visit and from that part of one special agent assigned with the TXDPS and from the Criminal Investigation Division (CID) at Garland Regional Office located in Dallas County, Texas and to interrogate the Complainant about his complaints filed with the Office of the Chief Disciplinary Counsel of the State Bar of Texas at Austin's Headquarters Office and alerting to Complainant to be beware with the Chief Disciplinary Counsel of the State Bar of Texas and having practiced a clear coercive and unlawful censorship and against the Complainant and about his Freedom of Speech Constitutional Rights.

Subsequently, the Complainant filed one complaint with the Office of Inspector General of the Texas Department of Public Safety and about the coercive and unlawful censorship practiced by one Special Agent of the TXDPS and from the CID and located at Garland Regional Office of the TXDPS at CID.

As customary, the administrative complaint has been assigned and after some months it was dismissed and closed administratively and without to issue any kind of the findings investigative report of the complaint assigned.

Subsequently, Complainant filed two complaints and against the incumbent Chief Disciplinary Counsel Seana Beckerman William with the Office of the Chief Disciplinary Counsel of the State Bar of Texas and both grievance complaints have been dismissed as grievance inquiries.

Also, Complainant filed one administrative complaint with the Chair of the Commission for Lawyer Discipline (CFLD) of the State Bar of Texas, and whose commission is in charge to receive administrative complaints against the Chief Disciplinary Counsel for lack of the accountability of her ministerial duties performance. As customary way; the administrative complaint was assigned and subsequently closed administratively and without to issue any kind of the investigative findings report.

The statewide public office of the chief disciplinary counsel is considered by the State Bar of Texas as one statewide public office in the Public Protection Division of the statewide public corporation as one statewide administrative agency and that is unfortunately being managed from one appointed individual and that not respect the constitutional rights of the citizens in Texas and still having filed a false

criminal complaint for harassment and against one Complainant and that was under absolute and unqualified immunity and for one valid grievance complaint assigned.

The Commission for Lawyer Discipline (CFLD), the Office of Legal Counsel and the Board of Directors of the State Bar of Texas showed total inaptness with their ministerial duties obligation as it is customary in this inner circle of cronies that is the State Bar of Texas.

Dated: March 25, 2025

Respectfully submitted,

*/s/Adriano Kruel Budri*
Adriano Kruel Budri
Amici Curiae Citizen
Email address: abudri64@gmail.com

# CERTIFICATE OF SERVICE

I certify that I served all parties to this appeal through the Court's electronic filing system, including Appellant's and Appellee's counsel on the 25th day of March 2025.

*/s/Adriano Kruel Budri*
Adriano Kruel Budri
Amici Curiae Citizen
Email address: abudri64@gmail.com

State Bar of Texas
Texas Law Center
1414 Colorado Street
Austin, Texas 78701

In attention: Trey Apffel, Executive Director of the State Bar of Texas

Matter: Re-Submission of the Grievance Complaint Number 202202032 – Adriano Kruel Budri – Greg Patrick McAllister (Dismissed on 08/04/2022 by the Dallas CDC Office Staff, Luvenia Evett Sanchez, Assistant Disciplinary Counsel under the Summary Disposition Panel of the District Number 7 Grievance Committee).

**08/20/2022**

Dear Mr. Apffel,

The Complainant has the right to exercise his freedom of speech via emails, phone calls and letters and in any communication way and according with the United States Constitution First Amendment.

First, "[t]he loss of First Amendment freedoms, for even minimal periods of time unquestionably constitutes irreparable injury." (Emphasis added). See: *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality). Next, "injunctions protecting First Amendment freedoms are always in the public interest." See: *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 539 (5th Cir. 2013) (quotation marks omitted).

The repressive and exploitive notice to cease and desist letter dated on 06/06/2022 and signed by the Chief of Disciplinary Counsel (CDC) Seana Willing of the State Bar of Texas has tilted the entire grievance complaint process assigned with the Dallas CDC Office Staff.

It was a clear intimidation and illegal arbitrary intervention occurred and from the part of one elected public statewide official holding a public office in one administrative agency of the Texas Government and having as unique intention to make an illegal censorship against the private citizen's rights and to cease with his fundamental right for freedom of speech and guaranteed by the First Amendment of the United States Constitution and including by the state statute Texas Citizens Participation Act (TCPA).

The letter signed by the Chief of Disciplinary Counsel (CDC) of the State Bar of Texas clearly made a flagrant menace against a private citizen freedom of speech's rights and having Seana Willing abused with his old *apparatchik* perfunctory rubberstamping style procedure and having instructed the Dallas CDC Staff not to respond to any of the email messages or telephone calls done by the private citizen to the State Bar of Texas of the Dallas CDC Office and depriving directly the private citizen's rights with his sacrosanct right of the freedom of speech and guaranteed by the United States Constitution and to communicate with one public administrative agency of the Texas Government and restricting any communications via USPS and of which take days to the Dallas CDC Office Staff to receive and to respond by mail.

Seana Willing has abused with her discretion and having acted with exploitive abuse of authority in her public office as statewide official and acting like an old "*Soviet Union*" *style apparatchik* with one perfunctory censorship rubberstamping procedures and classifying as "*harassing*" emails sent as courtesy reminder and informing about the deadline to file a response for the complaint and filed by the

1

Complainant and still having criticized and with reprisal the private citizen's rights for freedom of speech as "*inappropriate*" to exposure the corruption of the system.

This is happened because the Complainant quoted what the Justice Louis Brandeis famously wrote about the phrase that "*Sunlight is said to be the best of disinfectants*" and having been addressed to the Regional Counsel Tonya Harlan of the Regional Dallas CDC Office and to alert about the Grievance Complaint Process filed with the State Bar of Texas. It's an alluring notion that transparency and free access to information will root out corruption and malfeasance in government.

The Chief Disciplinary Counsel Seana Willing did not like about the private citizen's freedom of speech and criticism opinion to be exposed about the grievance complaint process filed with the State Bar of Texas and then she decided unilaterally and arbitrarily to write a exploitive letter dated on 06/06/2022 for cease and desist and against a private citizen about his freedom of speech and using as menace the Section 42.07 of the Texas Penal Code for harassment of corrupt people like a former Membership Director of the State Bar of Texas Kathleen M. "Kathy" Holder and who held a public position in the Board of Directors of the State Bar of Texas for years and having stole money for years and from the members of the attorney trade association.

Complainant has exercised his freedom of speech and during the grievance complaint process filed with the State Bar of Texas and having received one letter and from the part of the Respondent's Attorney Jim Burnham with a copy of a letter signed by the Chief Disciplinary Counsel Seana Willing from the Austin Headquarters of the State Bar of Texas intimidating and menacing the Complainant with a Cease and Desist letter and when the grievance complaint process was underway the investigation and clearly tilted the entire process of the grievance complaint assigned with the Regional Dallas CDC Office and being under the supervision of the Regional Counsel Tonya Harlan and under the investigation with the senior regional investigator Domingo Elizondo and having created a clear partial and bias administrative adjudicatory process in favor of the Respondent's attorney Jim Burnham (one former chair of the grievance committee of the district 6 in Dallas and one flagrant financial contributor with State Bar of Texas for advertisements published in the Journal of the State Bar of Texas as attorney for Defendants in grievance complaints process) and who received a copy of the letter signed by the CDC Seana Willing and that it was supposedly addressed only to the Complainant and not to the Respondent and during the underway of the investigation assigned at Dallas CDC Office Staff.

Complainant has never received such exploitive letter and from the part of the Chief Disciplinary Counsel Seana Willing and having received only one copy from the part of the Respondent's Attorney Jim Burnham as supporting document and stamped as *exhibit F* in the Respondent's response of the complaint and received by the senior investigator Domingo Elizondo at regional Dallas CDC Office on 06/13/2022.

As a result of the intimidation and bias letter signed by the Chief Disciplinary Counsel Seana Willing from the Austin Headquarters of the State Bar of Texas and against a member of the public exercising his freedom of speech with the State Bar of Texas, the grievance complaint has been unilaterally dismissed on 08/04/2022 under the order of the Chief Disciplinary Counsel Seana Willing and placed arbitrarily the grievance complaint in one Summary Disposition Panel of the District 7 Grievance Committee located in the jurisdiction of the Tarrant County, Fort Worth, Texas, and for a summary dismissal of the grievance complaint filed by the Complainant.

The correct grievance committee jurisdiction district is the district 6 and where the Respondent resides and not the district 7. Even the jurisdiction of the grievance committee district has been manipulated by

the Chief Disciplinary Counsel Seana Willing and changing the venue for jurisdiction district 6 in a shadow and secretive tactic to the district 7.

Also, Seana Willing as Chief Disciplinary Counsel of Austin Headquarters Office of the State Bar of Texas has arbitrarily concealed the required information prescribed by the Texas Government Code Section 81.072 for General Disciplinary and Disability procedures (a)(b)(1)(2)(i)(1)(2)(3) and of which has not been arbitrarily disclosed to Complainant and when the Texas Government Code requires such kind of the disclosed information to the Complainant and also to Respondent and to be disclosed, specifically: (2) a full explanation to each Complainant on dismissal… a complaint; (i) A panel of a district grievance committee of the State Bar that votes on a grievance matter shall voting for a finding of just cause; (2) voting against a finding of just cause; and (3) abstaining from voting on the matter.

Also, the Complainant and the Respondent has the right to know who are the members of the Regional Grievance Committee District and how has been the voting for each member of the Regional Grievance Committee District.

Such information, Seana Willing directed the Regional Dallas CDC Office Staff not to disclose to Complainant and also to Respondent and in flagrant violation of the General Disciplinary and Disability procedures (a)(b)(1)(2)(i)(1)(2)(3) and prescribed in the Texas Government Code Section 81.072.

This arbitrary, capricious and abusive discretion decision is completely against the directives advised by the State Bar of Texas / Sunset Advisory Commission / Last Review Cycle: 2016-2017 Review Cycle - 85th Legislative Session, Final Results of Last Sunset Review, Public Information and Consumer Assistance, and of which has directed the Office of the Chief Disciplinary Counsel to be more proactively and to provide assistance to complainants in understanding reasons for complaint dismissal.

Subsequently, Complainant requested such information with the State Bar of Texas' Public Information Act and also as known as "Open Records" and having been flagrantly denied any kind of the public document of the grievance complaint filed with the attorney trade association "The State Bar of Texas".

After the denial of such request and for public information, Complainant has contacted the Ombudsman, Attorney Discipline System, Stephanie Lowe of the State Bar of Texas, and who has done a review of the entire grievance complaint process dismissed by the CDC Office Staff and after having issued a letter with her perfunctory rubber stamping report letter.

The function of the Ombudsman is to conduct an independent investigation into what the CDC Office Staff did with the grievance complaint process. The Ombudsman also should help the grievant understands the appeal process and any right that he has to resubmit, and how he can restructure his complaint if resubmission is appropriate.

The Ombudsman did not inform to Complainant about his right to resubmit the grievance complaint process dismissed and how he can restructure his complaint for appropriate resubmission with the CDC Office Staff of the State Bar of Texas and still omitting the flagrant prevarication committed by the CDC Office Staff and not to disclose about the voting of the Regional Grievance Committee District Number 7, as well as, the names of each member and their votes for dismissal of the grievance complaint process filed with the State Bar of Texas.

As noted in the Sunset staff report, the State Bar serves as the attorney trade association while also serving as the regulatory arm of the Texas Supreme Court. This inherent conflict also contributes to the

public's perception that the State Bar is more concerned with protecting its members than protecting the public in general.

That the Summary Disposition Panels, appointed by the Bar, rarely go against what the CDC staff recommends and increasing substantially with the public distrust of the entire grievance complaint process and filed with the State Bar of Texas.

The Supreme Court of Texas does not have control and no tribunal functions to a professional tribunal about the CDC prosecutorial functions of the State Bar of Texas such as the State Office of Administrative Hearings or like a specialized Bar Court in the State of California as good example to provide an independent and impartial administrative adjudicatory process to the public.

In other words, the public is not being well protected by the State Bar and in fact the Chief Disciplinary Chief acts have been unilateral and arbitrary in her function with the title job as Chief Disciplinary Counsel at Austin Headquarters Office of the State Bar of Texas and intervening clearly in the Regional Dallas CDC Office Staff and censuring the public information guaranteed by the Texas Government Code Section 81.072.

Also, intimidating the public in general against the freedom of speech and guaranteed by the First Amendment of the United States Constitution and with issuance of the letters like Cease and Desist and with a clear intention to intimidate the public in the grievance complaint process filed with the State Bar of Texas is an act against the administrative state in this country.

The title job of Chief Disciplinary Counsel (CDC) of the State Bar of Texas is a public statewide executive inferior official politically appointed in one internal self regulated cartel election of the attorney trade association ("The State Bar of Texas"), but being the CDC a title job as state public servant and under the umbrella of the Texas Government and for this reason falling squarely in the Texas Statutes, Code of Criminal Procedure, Title 1 - Code of Criminal Procedure Chapter 2 - General Duties of Officers, Articles: 2.03 (Neglect of Duty) and liable for removal of the state public office and of which the CDC is holding and temporarily as statewide official elected by one cartel of the attorney trade association members and for a determined period of the time in a public position in the executive branch of the state government and that fall clearly in the appointments clause, article II of the United States Constitution for appointment of the executive inferior officer in executive offices, executive agencies and executive departments of the government.

There is General Grounds for Removal from the CDC too. An officer may be removed for: (1) Incompetency. (b) The gross carelessness in the discharge of those duties means gross negligence or gross neglect and for neglect of duty.

Seana Willing as Chief Disciplinary Counsel (CDC) intervened directly in the Grievance Complaint Process intimidating a public member as part of the Complaint to deprive his freedom of speech, changing arbitrarily and unilaterally the Regional Grievance Committee District 6 where the Respondent resides in Dallas and for other Regional Grievance Committee District 7 and that is out of the jurisdiction of the Respondent's Place of Residence, and having censored information guaranteed by the Texas Government Code Section 81.072 as Public Information Act and manipulated the result of the grievance complaint process and recommending a summary dismissal and placed the grievance complaint process in one secretive Summary Disposition Folder with a perfunctory rubberstamping dismissal notice

recommended and submitted to one Regional Grievance Committee of the District 7 in Fort Worth, Tarrant County, Texas and having prevaricated directly with the Texas Government Code Section 81.072.

The entire grievance complaint process has been tilted by the Chief Disciplinary Counsel (CDC) Seana Willing and having as material proof her intimidation letter against the freedom of speech and signed on 06/02/2022 and addressed to the Complainant and who received one copy of the letter only from the part of the Respondent's Attorney Jim Burnham from Dallas, Texas as supporting document provided by the Respondent as exhibit F in his response of the Complaint filed by the Complainant with the State Bar of Texas.

Seana Willing as Chief Disciplinary Counsel (CDC) in fact acted as a long arm counsel of the Respondent's Attorney Jim Burnham and having tilted the entire grievance complaint process and filed by the Complainant in the CDC Office of the State Bar of Texas and having sent secretively one copy of the letter Cease and Desist and of which has been addressed unique and exclusively to the Complainant.

There is a clear betrayal of the public trust and committed from one politically elected official for one statewide public office holder position as statewide official in one cartel election of one attorney trade association members and called "The State Bar of Texas" but being under the umbrella of the Texas Government as administrative state agency and prescribed by the Texas Government Code.

What happened in this Attorney Trade Association "The State Bar of Texas"? Is it not a serious threat about the constitutional freedom of the citizens' rights and when the Chief Disciplinary Counsel of the State Bar of Texas signs letters with the title cease and desist in relation the freedom of speech and guaranteed by the U. S. Constitution in the First Amendment and in the state statute of the Texas Citizens Participation Act (TCPA)?

Seana Willing with her title job as CDC and appointed politically in one inner circle cartel election members and from one attorney trade association called "The State Bar of Texas", she has used exploitatively her old apparatchik perfunctory rubberstamping procedures style in that public office position held with the title job as CDC and for flagrant administrative threat and being paid with public money of the taxpayers and to violate the administrative state and enjoying with partial immunity as elected public statewide official in her title job as Chief Disciplinary Counsel in the administrative agency of the State Bar of Texas.

Also, including attorneys have filed grievance complaints and against other attorneys in the same CDC Office of the State Bar of Texas and having been dismissed summarily in the summary disposition folder maintained by the CDC Office Staff and having been motive for complaints filed in State Courts and against the CDC Office Staff of the State Bar of Texas and of which don't release the reasons for summary dismissals as well as the investigative findings and conclusion of the law for Grievance Complaints process filed with the State Bar of Texas.

The grievance Complaint Administrative Process Number 202202032 – Adriano Kruel Budri – Greg Patrick McAllister has been literally tilted by the Chief Disciplinary Counsel Seana Willing with her letter dated on 06/06/2022 as Notice Cease and Desist about her menace of the deprivation freedom of speech of the private citizen.

She abused with her discretion and holding a public office in one administrative agency of the Texas Government.

For this reason, Complainant re-submits his Grievance Complaint and against the Respondent Greg Patrick McAllister and resident in Dallas, Dallas County, Texas in the jurisdiction of the grievance committee district number 6 and not in the grievance committee district number 7 in Fort Worth, Tarrant County, Texas.

She distorted and committed prevarication of the administrative adjudicatory process and still having done a dereliction of duty and showing carelessness from her position and acting with repressive abuse of authority unilaterally and arbitrarily and in violation of the United States Constitution of the first amendment for private citizens and including the state statute Texas Citizens Participation Act (TCPA).

Below some copies of the State Bar of Texas letters.

Respectfully submitted,


*/s/Adriano Kruel Budri*
Adriano Kruel Budri
5029 County Road 605
Burleson, TX 76028-1177
Email address: budri@sbcglobal.net

    Cc: Stephanie Lowe, Ombudsman, Attorney Discipline System
    State Bar of Texas
    P.O. Box 12487
    Austin, Texas 78711-2487
    Phone: 512-372-1125 or 1-844-527-0382 (toll free)
    Fax: 512-427-4445
    Email address: stephanie.lowe@texasbar.com

    Cc: Julie Oliver, Executive Director
    Texas Coalition on Lawyer Accountability
    2832 Shoal Crest Ave
    Austin, TX 78705

    Cc: Jennifer Jones, Executive Director
    Texas Sunset Advisory Commission
    PO Box 13066, Austin, Texas 78711
    Phone: (512) 463-1300 Fax: (512) 463-0705
    Email address: jennifer.jones@sunset.texas.gov
    Email address: sunset@sunset.texas.gov

    Cc: Justice Jimmy Blacklock
    Liaison of the Professional Ethics Comm, Lawyer Discipline Grievance Oversight Comm
    Supreme Court of Texas
    PO Box 12248
    Austin, Texas 78711

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

June 6, 2022

Adriano K. Budri                                    *via email: budri@sbcglobal.net*
5029 County Road 605
Burleson, TX 76028-1177

Re:    **NOTICE TO CEASE AND DESIST**

Adriano Budri:

<u>Be on notice:</u> the harassing emails must stop immediately. There is no need, nor requirement, for you to send anyone - least of all the CDC, State Bar of Texas staff, CFLD members, or any alleged respondents - "courtesy reminder" emails informing anyone of a deadline to file a response to your complaint. That is not your responsibility; nor is it your right. Nor do you have any responsibility, or right, to communicate directly with any attorney against whom you may have filed a grievance by sending harassing emails that misrepresent information about the status of that alleged grievance. As you have been advised several times in the past, the information you are disclosing in your communications to individuals outside of the attorney grievance system is confidential by law. Moreover, in addition to being wholly inappropriate, sending repeated emails of this nature, including emails that contain false and misleading information, meets the definition of harassment under Section 42.07 of the Texas Penal Code.

This is your <u>final notice</u> that the frequency and content of your email communications is disruptive; you are interfering with the daily operations of the CDC and obstructing the work of our staff. It is evident from your conduct that your intention is to annoy, abuse, torment, embarrass, and otherwise harass members of the CDC, the State Bar of Texas, the alleged respondents, and the other individuals within and outside the State Bar of Texas whom you have harassed with your emails for the past several months. Because your conduct violates Texas law, if you do not immediately <u>cease and desist</u> all email and telephone communications with the CDC and the State Bar of Texas, we will have no choice but to report your conduct to the appropriate authorities. Should you choose to ignore this warning, it is likely that the other individuals to whom you have been sending harassing emails will also exercise their legal right to report your conduct to law enforcement.

**EXHIBIT**

F

tabbies'

Mr. Budri, I recognize that you may have a pending complaint, grievances, or requests for information filed with this office; however, from this date forward, any communications you wish to make to our offices must be through written correspondence sent to us through the USPS. If any of those communications are deemed to be abusive, harassing, or threatening, we will notify law enforcement. I have also instructed my staff not to respond to any of your emails or telephone calls.

Finally, any notices to which you are entitled by law will be sent to you via USPS.

Respectfully,

Seana Willing
Chief Disciplinary Counsel

SW/sbw

EXHIBIT

F

tabbies

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

August 4, 2022

Adriano Kruel Budri
5029 County Road 605
Burleson, Texas 76028-1177

Re: 202202032 - Adriano Kruel Budri - Greg Patrick McAllister

Dear Mr. Budri:

Upon completion of its investigation of your grievance, the Chief Disciplinary Counsel has determined that there is no just cause to believe that the above-named lawyer has committed professional misconduct.

In accordance with the Texas Rules of Disciplinary Procedure, following this determination by the Chief Disciplinary Counsel your complaint was presented to a Summary Disposition Panel of the District 7 Grievance Committee. The Panel which is comprised of volunteer lawyers and public members has the option to dismiss the complaint or vote to proceed should they believe the case should go forward. This is solely their decision to make on any complaint presented to them. The Panel has voted to dismiss the complaint after reviewing all the evidence submitted and obtained during the investigation. Please know that the Office of the Chief Disciplinary Counsel maintains confidentiality in the grievance process as directed by the Texas Rules of Disciplinary Procedure.

Although there is no appeal of the Panel's decision to dismiss your grievance, the State Bar of Texas maintains the Client-Attorney Assistance Program (CAAP), which you may have contacted prior to filing your grievance. Please be advised that even after a grievance has been dismissed, CAAP can still attempt to assist you through alternative dispute resolution procedures unless the attorney at issue is *deceased, disbarred, suspended* or *not your lawyer*. **CAAP is not a continuation of the attorney disciplinary process, and participation by both you and your attorney is voluntary.** Should you wish to pursue that option, CAAP may be reached at 1-800-932-1900.

Sincerely,

Luvenia Evett Sanchez
Assistant Disciplinary Counsel
LES/jf

**The Princeton Building, 14651 Dallas Parkway, Suite 925, Dallas, Texas 75254**
**(972) 383-2900, (972) 383-2935 (FAX)**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 98885573
Filing Code Description: Letter
Filing Description: AMICUS CURIAE CITIZEN STATEMENT ABOUT THE CONSTITUTIONAL RIGHTS FOR FREEDOM OF SPEECH
Status as of 3/26/2025 7:16 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Pat Mizell | | pmizell@velaw.com | 3/25/2025 9:25:13 PM | SENT |
| Billy SHart | | billy.hart@westwebblaw.com | 3/25/2025 9:25:13 PM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 3/25/2025 9:25:13 PM | SENT |
| David Kitner | 11541500 | dkitner@clarkhill.com | 3/25/2025 9:25:13 PM | SENT |
| Jadd Masso | 24041411 | jmasso@clarkhill.com | 3/25/2025 9:25:13 PM | SENT |
| Royce Lemoine | 24026421 | royce.lemoine@texasbar.com | 3/25/2025 9:25:13 PM | SENT |
| Richard Huntpalmer | 24097857 | Richard.Huntpalmer@texasbar.com | 3/25/2025 9:25:13 PM | SENT |
| Gaines West | 21197500 | gaines.west@westwebb.law | 3/25/2025 9:25:13 PM | SENT |
| John Rudinger | 24067852 | jay.rudinger@westwebblaw.com | 3/25/2025 9:25:13 PM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 3/25/2025 9:25:13 PM | SENT |
| Daniel Olds | 24088152 | dolds@clarkhill.com | 3/25/2025 9:25:13 PM | SENT |
| Brooke Noble | | bnoble@velaw.com | 3/25/2025 9:25:13 PM | SENT |
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 3/25/2025 9:25:13 PM | SENT |
| Emily Bamesberger | | ebamesberger@velaw.com | 3/25/2025 9:25:13 PM | SENT |
| Justin B.Cox | | jbcox@clarkhill.com | 3/25/2025 9:25:13 PM | SENT |
| Gaines West | | gaines.west@westwebblaw.com | 3/25/2025 9:25:13 PM | SENT |